# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: October 11, 2019

Ms. Tannera George Gibson
Ms. Melisa T. Moore
Burch, Porter & Johnson
130 N. Court Avenue
Memphis, TN 38103

Ms. Sasha Bianca Gilmore
Archibald & Halmon
22 N. Front Street, Suite 790
Memphis, TN 38103-0000

Mr. Carlos E. Moore
Moore Law Group
P.O. Box 1402
Grenada, MS 38902

Mr. Murray Bruce Wells
Horne & Wells
81 Monroe Avenue, Suite 400
Memphis, TN 38103-0000

        Re:  Case No. 19-5174, *Mary Stewart, et al v. City of Memphis*
             Originating Case No. : 2:16-cv-02574

Dear Counsel,

  The Court issued the enclosed opinion today in this case.

                                      Sincerely yours,

                                      s/Alicia N. Harden for Cathryn Lovely
                                      Opinions Deputy

cc:  Mr. Thomas M. Gould

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0516n.06

No. 19-5174

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 11, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MARY STEWART, as next of kin and Administrator Ad Litem of the Estate of Darrius Stewart, Deceased; HENRY WILLIAMS, as next of kin and Father of Darrius Stewart, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF MEMPHIS, TENNESSEE, <br><br> Defendant-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |

BEFORE: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Following a police officer's fatal shooting of their son, plaintiffs Mary Stewart and Henry Williams sued the police officer and his employer, the City of Memphis, for violating their son's civil rights under 42 U.S.C. § 1983. The issue in this appeal is whether the district court correctly granted summary judgment in the City's favor on plaintiffs' municipal liability claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). For the reasons expressed below, we affirm.

I.

Now-former Memphis Police Officer Connor Schilling shot and killed Darrius Stewart after stopping a car in which Stewart was a passenger. Schilling arrested Stewart on an outstanding

No. 19-5174, *Stewart v. City of Memphis*

warrant, Stewart fled from Schilling's patrol car, and a physical struggle ensued. The district court, taking the facts in the light most favorable to plaintiffs, aptly summarized the facts leading to Stewart's death:

> Schilling took hold of Stewart and held him down. The two of them wrestled for several minutes. Stewart tried to get away and Schilling tried to subdue him. While under Schilling, Stewart bit Schilling on his right bicep and twisted his genitals. They separated. Then, at very close range, Schilling shot Stewart in the upper right chest while Stewart lay on the ground. Stewart stood up, turned to flee, and moved no more than two feet before Schilling shot him again, roughly twenty seconds after the first shot.

*Stewart v. City of Memphis*, No. 2:16-cv-02574-SHM, 2019 WL 332812, at *7 (W.D. Tenn. Jan. 25, 2019). Stewart died shortly thereafter.

Plaintiffs claim, among other things, that Schilling's shooting of their son constituted excessive force in violation of the Fourth and Fourteenth Amendments and that the City of Memphis should be held liable for Schilling's constitutional violations under *Monell*. After discovery, Officer Schilling and the City moved for summary judgment. In a comprehensive opinion, the district court denied Officer Schilling's motion for summary judgment, holding that "[v]iewing the facts in the light most favorable to Plaintiffs, Schilling violated Stewart's clearly established Fourth Amendment right to be free from excessive force" and was therefore not entitled to qualified immunity. *Id.* at *12. However, it granted the City's motion for summary judgment, concluding that plaintiffs did not establish "that the City's policies and customs caused Stewart's constitutional injury." *Id.* at *15. In addition, the district court granted Schilling's motion to exclude portions of plaintiffs' expert testimony. *Id.* at *15–17. Plaintiffs appeal the district court's grant of summary judgment in the City's favor.

II.

Before resolving the issue in this appeal, we address two preliminary matters.

A.

Concurrent with his motion for summary judgment, Schilling moved to exclude the testimony of plaintiffs' proposed expert, Jeffrey Noble. The district court excluded three aspects of Noble's testimony: "(1) his opinion that Schilling's use of deadly force was unreasonable and excessive; (2) his opinion that Schilling created the danger that led to the shooting; and (3) his opinion that Stewart did not strike Schilling because, had Stewart done so, Schilling's injuries would have been more severe." *Id.* at *15 (citation omitted). Plaintiffs contend the district court erred in excluding Noble's testimony. However, we lack jurisdiction over this issue.

Federal Rule of Appellate Procedure 3(c)(1)(b) requires a party to "designate the judgment, order, or part thereof being appealed" in his notice of appeal. "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Burley v. Gagacki*, 834 F.3d 606, 620 (6th Cir. 2016) (citations omitted). Through Rule 3(c)(1)(b), "Congress has limited this Court's appellate review to issues designated in the notice of appeal." *Id.* at 620 (citation omitted). Therefore, if a party "chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal." *Id.* at 620 (quoting *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985)).

Here, plaintiffs' corrected notice of appeal states that "[t]his Appeal is taken from the Order [Doc. 189] granting Defendant City of Memphis' Motion for Summary Judgment." The order that plaintiffs identified resolved three motions, but plaintiffs designated only one part of the order in their notice of appeal. By designating only part of the order in their notice of appeal (the "granting [of] Defendant City of Memphis' Motion for Summary Judgment")—as opposed to appealing the

-3-

entire order—plaintiffs narrowed their appeal to the portion of the order they designated. *Id*. Therefore, we do not have jurisdiction over plaintiffs' challenge to the district court's ruling on Schilling's motion to exclude Noble's testimony and thus express no opinion on the issue.

In addition, we note that the City did not join Schilling's motion to exclude Noble's testimony. Thus there is no controversy between plaintiffs and the City on this issue. Because plaintiffs have dismissed, without prejudice, their case against Schilling, even if we had jurisdiction over plaintiffs' attempted appeal of the district court's grant of Schilling's motion to exclude, it would be moot.

B.

Next, plaintiffs' brief is replete with references, without citations to the record, to the deposition testimony of former Police Director Toney Armstrong. To the extent that plaintiffs rely on Armstrong's deposition testimony that is not in the record and was not presented to the district court, we will not consider it. This is because "[o]ur review of a district court's summary-judgment ruling is confined to the record." *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 499 (6th Cir. 2017) (en banc) (citation omitted), *cert. denied*, 138 S. Ct. 2708 (2018). "[T]his rule applies even if an appellant proffers evidence that might . . . show a genuine issue of material fact after the district court had granted the defendants' motion for summary judgment." *Id.* at 500 (omission in original and internal quotation marks omitted).

III.

We now move to the issue on appeal: whether the district court properly granted the City's summary judgment motion on plaintiffs' *Monell* claims. It did.

A.

"We review de novo a district court's decision on motions for summary judgment." *Burnette Foods, Inc. v. U.S. Dep't of Agric.*, 920 F.3d 461, 466 (6th Cir. 2019). The moving party must first show that the nonmoving party failed to "establish the existence of an element essential to . . . [the nonmoving] party's case, and on which . . . [the nonmoving] party will bear the burden of proof at trial." *Bormuth*, 870 F.3d at 503. "Once the moving party has met the initial burden of showing the absence of a genuine dispute of material fact, the non-moving party must then come forward with specific facts showing that there is a genuine issue for trial." *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (internal quotation marks omitted). "However, in considering the evidence in the record, the court must view the evidence 'in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences.'" *Id.* (citation omitted).

B.

"[U]nder § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted and internal quotation marks omitted). "Instead, a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 692).

To establish the existence of a municipality's official policy, a plaintiff must prove: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate

training or supervision; or (4) the existence of a custom of tolerance [of] . . . or acquiescence [to] federal rights violations." *Id.* Plaintiffs try to prove the existence of an official policy with the second, third, and fourth theories.

1.

To establish that a municipality has ratified illegal actions, a plaintiff may prove that the municipality has a pattern of inadequately investigating similar claims. *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1248 (6th Cir. 1989); *Burgess v. Fischer*, 735 F.3d 462, 478–79 (6th Cir. 2013). Importantly, there must be multiple earlier inadequate investigations and they must concern comparable claims. *Leach*, 891 F.2d at 1248; *Burgess*, 735 F.3d at 478–79.

The district court concluded that plaintiffs' ratification argument failed. *Stewart*, 2019 WL 332812, at *13. According to the district court, plaintiffs

> rel[ied] on two pieces of evidence to show a failure to investigate adequately: (1) Jeffrey J. Noble's testimony that "there were no attempts by the City to resolve inconsistencies in the shooting"; and (2) Memphis Police Director Michael Rallings' testimony that the City never held a planned administrative hearing to address the shooting.

*Id.* at *12 (citation omitted). Additionally, to prove that the investigation at issue was a part of a pattern,

> Plaintiffs cite[d] Noble's testimony that, although he could not "recall the details" and was "not even positive", he believed there was a case before July 17, 2015, in which "a woman alleged that her [Memphis] police officer husband had shot . . . a gun off in her home . . . [a]nd there was no investigation at all."

*Id.* (citation omitted). This "evidence [wa]s not sufficient." *Id.* Namely, the alleged inadequate "investigation occurred after the Fourth Amendment violation" and "[s]omething that occurred after a constitutional violation cannot have been its 'moving force.'" *Id.* at *13 (citation omitted). Moreover, if the "vaguely remembered domestic incident" that Noble described "happened and

No. 19-5174, *Stewart v. City of Memphis*

was not investigated, it is not a claim similar to the one at issue in this case: an officer shooting a fleeing, non-dangerous suspect." *Id.* (citation omitted).

On appeal, plaintiffs first describe two alleged earlier inadequate investigations that, presumably, they think the district court did not consider: one involving a person named Aufdencamp and a 2014 case, *Peatross v. City of Memphis*. But plaintiffs did not present these to the district court, and we "will not entertain on appeal factual recitations not presented to the district court when reviewing a district court's decision." *Bormuth*, 870 F.3d at 500 (citation omitted).

Plaintiffs' other pattern argument concerns Noble. Plaintiffs argue that the district court "did not take into consideration that, per Plaintiffs-Appellants' Response in Opposition to Motion for Summary Judgment, Noble also found a 'pattern and practice['] by the City of failing to accept and investigate allegations of serious misconduct." Plaintiffs are incorrect in their assertion that the district court did not consider Noble's opinion that there was a "pattern and practice." It did. *See Stewart*, 2019 WL 332812, at *13 (citation omitted). The district court's disagreement with plaintiffs regarding the consequence of Noble's testimony does not mean that the district court failed to consider the testimony.

Additionally, plaintiffs contend that the district court incorrectly relied on *Burgess*. From plaintiffs' perspective, "[t]his case is distinguished from *Burgess*" because "[p]laintiff-[a]ppellant has shown a pattern of inadequate investigation of similar claims by Defendant-Appellee City of Memphis." Plaintiffs may not prove that a case is distinguishable by assuming the answer to a disputed question—whether there is a pattern of the City inadequately investigating similar claims. They advance no other arguments for why the district court was wrong to conclude that they failed to prove the existence of a pattern, and the district court's reasoning was sound.

Plaintiffs have failed to identify record evidence that could allow a reasonable jury to find in their favor on their ratification theory; therefore, that theory of *Monell* liability fails.

2.

Inadequate training can be the basis for *Monell* municipal liability if it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Roell v. Hamilton Cty., Ohio/Hamilton Cty. Bd. of Cty. Commissioners*, 870 F.3d 471, 487 (6th Cir. 2017) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). To succeed on an inadequate training claim, a plaintiff must prove: "(1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [municipality's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury." *Id.* at 487 (quoting *Brown v. Chapman*, 814 F.3d 447, 463 (6th Cir. 2016)). Additionally, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton*, 489 U.S. at 390–91 (citations omitted); *see also Winkler v. Madison Cty.*, 893 F.3d 877, 904 (6th Cir. 2018).

Plaintiffs claim the City of Memphis inadequately trained Schilling in two ways: (1) he was trained to check all individuals for warrants during a traffic stop and (2) he was not trained to call for backup before arresting uncuffed suspects seated in the back of patrol cars. The district court disagreed. And rightly so.

"Training officers to request all passenger information and checking for warrants is not inadequate to the tasks officers must perform" and "[i]t is a custom to ensure officer safety." *Stewart*, 2019 WL 332812, at *13. Additionally, this practice "is not, as Plaintiffs claim, unconstitutional." *Id.* (citing *United States v. Alexander*, 467 F. App'x 355, 362 (6th Cir. 2012));

-8-

Case 2:16-cv-02574-SHM-dkv Document 199-7 Filed 10/11/19 Page 10 of 12    PageID 2690      Case: 19-5174    Document: 29-2    Filed: 10/11/2019    Page: 9    (10 of 12)

No. 19-5174, *Stewart v. City of Memphis*

*see also United States v. Smith*, 601 F.3d 530, 542 (6th Cir. 2010) (holding that officers may—during a traffic stop—check the identification of each occupant in the vehicle and whether there are outstanding warrants if there is no unnecessary extension of the traffic stop). As to his backup training, the district court correctly reasoned that "[e]ven if Schilling's failure to recall supported an inference that the City improperly trained him, '[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city.'" *Id.* (quoting *City of Canton*, 489 U.S. at 390) (other citations omitted). "Evidence that the City inadequately trained Schilling, without more, [was] not enough to prove [to the district court] that the City had an inadequate training program." *Id.* (citation omitted).

Finally, plaintiffs do not engage with this analysis, and merely parrot their briefing below. If a party fails to explain why it thinks the district court decided an issue incorrectly, the party forfeits its challenge to that issue. *See*, *e.g.*, *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) ("[W]here a plaintiff fails to address the district court's reasoning in disposing of a claim on summary judgment or motion to dismiss, we have deemed the claim forfeited." (citation omitted)); *Rees v. W.M. Barr & Co., Inc.*, 736 F. App'x 119, 124–25 (6th Cir. 2018) (collecting cases). For these reasons, plaintiffs' inadequate training argument fails.

3.

To succeed on a custom of tolerance claim, a plaintiff must prove:

> (1) the existence of a clear and persistent pattern of [illegal activity]; (2) notice or constructive notice on the part of the [municipality]; (3) the [municipality's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the [municipality's] custom was the 'moving force' or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)). Failing to prove even one of those four elements causes a

custom of tolerance claim to fail. *See id.* Because plaintiffs have failed to prove the first element, we need not address the others.

To prove that there is a genuine issue of material fact regarding a clear and persistent pattern of excessive use of force, plaintiffs offered the following evidence: (1) Armstrong's testimony; (2) Noble's testimony; and (3) the City's alleged failure to conduct a reasonable investigation into Schilling's use of deadly force. Because plaintiffs forfeited any argument based on Armstrong's testimony, we focus only on Noble's testimony and the City's alleged failure to investigate.

According to plaintiffs, "Noble found that there was a pattern and practice by the City of failing to accept and investigate allegations of serious misconduct." In his deposition, Noble testified that the City's failure to investigate in the case at hand and an earlier case "sen[t] a message to officers that they can engage in constitutional violations with impunity because there's a message that they won't be investigated." Noble also testified that "I don't recall the details, and -- and I'm not even positive. I think it was [*Adcock*]. But I know that I -- in that case that I believe there to be a pattern and practice of failing to accept and investigate allegations of serious misconduct." *Adcock* concerned allegations that the City did not properly investigate conduct that included a police officer who fired his service weapon into the ceiling of his home during a domestic violence incident. *Adcock v. City of Memphis*, No. 06-2109-STA, 2011 WL 1402859, at *2 (W.D. Tenn. Apr. 13, 2011). A reasonable jury could not conclude that a case concerning domestic violence viewed with the case at hand shows the existence of a clear and persistent pattern of the City's police officers using excessive force against unarmed suspects. As the district court determined, the two types of conduct are just too different. *Stewart*, 2019 WL 332812, at *14. Therefore, plaintiffs' invocation of Noble's testimony does not—on its own or in conjunction with

No. 19-5174, *Stewart v. City of Memphis*

other things—show that there is a genuine issue of material fact regarding the existence of a clear and persistent pattern of the City's police officers using excessive force.

Finally, plaintiffs attempt to prove that there is a persistent pattern of excessive force because the City "failed to conduct a reasonable administrative investigation of the use of deadly force allegations [made against] Officer Schilling." However, the district court determined that "one administrative determination on one officer-involved shooting does not show that officers regularly use excessive force" and "[a] pattern requires more than one incident." *Id*. We agree. Arguing that "one instance of potential misconduct" is evidence of a clear and persistent pattern is a "path to municipal liability [that] has been forbidden by the Supreme Court." *Thomas*, 398 F.3d at 432–33 (citations omitted). Because of the dearth of evidence, a reasonable jury could not conclude that the City's alleged failure to properly investigate the alleged use of force shows the existence of a clear and persistent pattern. Therefore, the plaintiffs' contention that the City failed to properly investigate the alleged use of force does not—on its own or in conjunction with other things—show that there is a genuine issue of material fact regarding the existence of a clear and persistent pattern of the City's police officers using excessive force.

IV.

For these reasons, we affirm.

-11-